Case number 23-5203. Jeremiah Allsopp v. Cody Foust. Or arguments not to exceed 15 minutes per side. Mr. Paul Andrew Justice III for the appellant. Good morning your honors. Drew Justice for the plaintiff appellant Jeremiah Allsopp and I'll reserve four minutes. In this case we had an inmate who was grabbed either by or near the neck and then thrown against the wall and then ultimately taken down to the ground. And for my rule 50 claim what I'm saying is that no reasonable jury could have ruled in favor of the defendant because simply no reason was presented for why any force was you was needed at all. I mean but in this case you asked for a jury trial. If I look at your complaint you requested a jury trial and the jury ruled against you but now you're saying this essentially as a matter of law that a judge could have ruled in your favor. When I look at the facts it seems like we have officers on one side that are saying one thing compared to inmates on the other side saying a different thing. Isn't that the quintessential case that goes to a jury? What I would say is that it was a jury question because there were some disputes over what happened but there were those pertain mainly to the issue of damages. And so I would agree that I'm not entitled to you know judgment as a matter of law on any kind of damages issue. However in terms of liability the facts that were undisputed and the facts in the light most favorable to the defendant showed that there was just no reason for any force and so therefore it was excessive force as a matter of law. What the I mean ultimately the justification that the guard relied on for why he needed to use any force was he said that Mr. Alsup the inmate had pushed a guard's hand downward when the guard was pushing it at the inmates and then he and then once the defendant addressed the inmate and told him don't do that essentially then Alsup took a step toward the guard. And so he's being dressed down by the guard he takes one step toward him and then the guard just attacks him. And the testimony on that was... Wasn't there a part in the altercation where your client sort of that the maneuver pushed down on his hand or something along those lines? That did happen and we don't dispute that however by that point the force had already been initiated he was already being held up against the wall and so we would say that that that use of force by the inmate or that resistance if you want to call it that by the inmate or self-defense by the inmate could not justify the force that preceded it. And so all I'm basically saying is that the inmate he wasn't under Kingsley versus Hendrickson we're supposed to look at various factors we're supposed to look at whether the inmate was actively resisting the security the severity of any security problem any threats reasonably perceived by the officer the ratio of the force used compared to what was needed whether the force was tempered in any way and then the extent of the inmates injuries. I submit... What's your best point on appeal that you say has caused to have a reversal here? Well... Or do you have one? I felt like they were all pretty good I will say I listed the issue of the rule 50 claim first even though I know that those are hard to win because I felt like that would at minimum highlight the weakness of the evidence that supports the verdict so in other words I wanted to point out that in my view the evidence was insufficient because the guard never gave any reason for why he had to put hands on the inmate at all the inmate was mouthing off he had put his hands on an officer's hand but that had ceased and so there was there was no security problem he wasn't actively resisting assuming that he ever resisted if he had it had ceased. Didn't Mr. Alsop acknowledge that he had taken a step toward the officer there was this you know argument the jury heard all this evidence but the the the two inmates are arguing look like by all accounts they're about to get in a fight and there's this touching by Mr. Alsop of you know the officers and and officer Faust arrives and at some point it all happens pretty quickly Mr. Alsop doesn't dispute does he that he took this step toward the officer which the officer perceived as a threat. I don't think he does dispute that I don't remember exactly what his testimony on that was I was mainly for my rule 50 argument relying on the officers saying he did take a step but what I'm saying is stepping toward someone who's talking to you is not a threat. But given the overall circumstances again the jury hears all this evidence from you know a couple of other inmates and from three or four officers you're saying it's not reasonable for there's not sufficient evidence for a jury to conclude it that that would have been a reasonable threat to an officer. I'm saying that exactly that you know that it's simply not reasonable I mean if I stepped if you're talking toward me and I step towards you I mean if anything that means I'm listening to what you're saying that's a normal human interaction and if anything it's kind of respectful to step toward someone who's talking. I guess I'm not going to try to step in with the jury and I won't have any more questions on this but just given the overall circumstances this is a rapidly evolving tent situation and in a cell and a high high security pot and and it wasn't up to the jury to decide whether they thought this was you know given the circumstances that there's at least enough basis for them to conclude I know you contest that that there was a officer could have perceived that there's a safety issue. I don't think so because he was the only safety issue was was whether he's going to get in into an argument with an inmate he's there's no one's claiming that he was making any threats toward the officers at least verbally and so the officers come in they tell him basically step away from the inmate and then the officer claims that he then takes a step toward the officer after he's being dressed down by the officer and I just submit that's not threatening that's a that's a normal response. I did want to briefly touch on my other two issues on this issue of the classifications sheet. This sheet would either suggest to a jury that the inmate was violent and or that he was a sexual deviant and under either interpretation it should have been inadmissible under rules 404, 405, 609, 403. So you're saying that the felony convictions couldn't come in for impeachment but just the fact that they said assaulted felonies the assaulted part is the part you have an issue with? Exactly your honor and the rule and the judge had specifically ruled that admissible before trial I submit nothing changed in the middle of trial to justify reversing his ruling in limine. I thought what was excluded was reference to the actual convictions that they were you know sexual in nature and things of that nature I thought that was what was excluded at trial. He was excluding the the nature of the of the convictions yes sir and that's I mean he didn't specifically say I'm excluding the the nature of the convictions as referenced on the classification sheet but it's I submit basically the same the same thing and there's no meaningful distinction there. Ultimately the judge said that he... Was there objection made at the time that that was done? Yes your honor there was an objection and I mainly just referenced the prior ruling in limine and then the judge overruled it and then ultimately the judge I think it was in the motion for new trial denial he said that his reason for admitting the evidence was to show that defendant Faust's fear you know whether it was reasonable and the problem with that however was one there was no foundation laid that Faust even knew about the classification sheet or about these charges and two the fear is supposed to be objective rather than subjective anyway and so I just submit that that's not a good explanation for why the judge admitted this evidence and Faust has said that this evidence was cumulative to some later testimony he introduced where he basically said well the whole pod is full of bad people but one it doesn't make sense for evidence that's been wrongly introduced to be cumulative to evidence that you then introduce afterward and frankly if he had if the classification sheet had been excluded in the first place I might well have objected to his later testimony about the whole pods full of bad bad people because that's seemingly an admissible under the same rules 404 405 403 he's just trying to say well these people are bad so therefore you know also because we can infer that he was doing no good on this occasion that closing argument or word this come up before the jury where did the the reference about the the whole pod being full of bad people that was in Faust's own testimony which took place after the classification sheet was wrongly admitted and then the other problem with calling it cumulative to that is just that it's one thing to say a whole pod is full of bad people in general it's far more personal and prejudicial to say mr. also is bad because he's got he's violent because he's got assaulted felonies and so I just submit the cumulative thing doesn't really work and then finally just very briefly on this issue about the prejudicial closing arguments I mean what we had here was a defendant who counsel told the jury not to award the plaintiff because his count because his lawyer had embarrassed a war veteran on cross-examination he told the jury look at attorney misconduct don't we look at sort of conduct that pervades the trial I mean you point the things that come up in closing but in the cases that we reverse based on hasn't it been because of pervasive activities throughout the trial disruptive behavior ignoring the judge sustaining objections things of that nature I don't I mean my understanding is that most of the most of the case law on that is about closing argument and the cases I cited were about closing argument I don't have the one I believe it's called Kiwo I mean you say that the ego ego that's it which is the case where there was a motion in limine before trial the attorney ignored the motion in limine made while I'm substantiated attacks and opening statements and closing arguments referred to the defendant as a billion-dollar corporation so this was these were things that were going on throughout the trial well so it sounds like in that it was opening and closing whereas here I'm mainly focused on closing and then we also mentioned opening closing and during during the trial as well by bringing in the evidence that was excluded in this case I brought up about three or four different issues in closing and then one of those issues that the part about embarrassing the war veteran was also mentioned in the redirect of Mitchell Bennett and I just submit this case is very similar to Johnson vs. New York Railroad Company where the Supreme Court reversed the case for this same kind of error in closing arguments specifically and so that's what I'm citing but if there aren't any more questions I will come back for a bubble thank you you have your full over good morning good to be with you again my name is Steve Elliott I practice law Nashville Tennessee I represent Cody Faust in this case I think you hit the nail on the head with your initial comment about this is a case about a jury determination and Judge Steger in his memorandum opinion on the post trial motion got it right he said we have seven different observations everyone saw something a little bit differently in this case seven different recollections not to say everybody's wrong not to say everybody's right but everyone perceived something a little bit differently and we had lots of fact witnesses on our side the plaintiff had witnesses on their side it's just a fact of the case but every single witness the plaintiff put up was a felony convicted witness I mean every single one about the classification sheet it seems like what your friend on the other side of saying felony convictions could be used to impeach without reference to the specific nature of the felony conviction and that this classification sheet sort of breached the motion that let me because it referenced assaultive the assaultive nature of the of the felonies right the motion unlimited sought to exclude as extremely prejudicial and we basically agreed with that because those crimes were so heinous because they were sexual in nature against a minor a female and simply hearing that is extremely prejudicial and would turn off any jury that motion limited not address the assault of nature of those things judge stager addressed those assaultive crimes or that assault of nature and saying look this is why we have a classification sheet is to assess who the inmate is and whether or not to put them in a lower minimum security pod where it's essentially a country club and everybody gets to walk around and move around during the day or we're going to put them in a maximum security pod where we have one hour of outside the cell time during the day one hour the other 23 hours they are put up in their cells and that assessment was made by judge stager to say look that's how we're going to assess this not in terms of his character or whatever else even though he did say a trial Mr. also said well I don't have any verbal or or physical assault of nature in my history arguably that was rebuttal evidence than at that point but we think the better argument is this minimum versus maximum security mr. Faust officer Faust knew that the sheer fact of him being in the BB pod meant that he was for lack of a better term a bad guy he would be in there if we just had one assaultive conviction right go exactly right it did the plaintiff object to this designation to the jury to let the jury know about that no your honor they didn't the plant didn't object about the BB pod argument not at all this BB pod argument goes into the entire way of the way officer Faust perceived the situation and went about handling the situation he knows he's in a maximum security pod with the most serious offenders even with one felony to their name and he knows going in there he's seen he has seen with his own eyes mr. also swat down the hand of another officer to swat down his hand and literally tell that other officer and have the temerity to tell him don't touch me don't touch me and when officer Faust steps in and says don't swing at my officers mr. also does not say okay cool I'll step back I'll take a breather he says F that that's his response you know why doesn't you know the inclusion of this the word assaultive really maybe take us close to the line or over the line in terms of this being a sort of impermissible character evidence I think it's because one and judge stagger relied on this heavily is mr. also says I'm not a violent person I don't do this kind of thing I'm not threatening in any way well wait a minute you know we assessed you on the classification sheet when you came in here when you were admitted to this facility you were you were determined to be having assaultive tendencies or assaulted behavior so that's rebuttal evidence and then two it's entirely to decide on minimum versus maximum security and it entirely goes towards how officer Faust handled the situation when you didn't hear this but mr. also when he was told to take a step back all this thing about being respectful and wanting to hear him he heard him in response to officer Faust saying take a step back he took a step forward he took a step towards officer Faust and because he's in a maximum security unit judge Steger found this that reasonable jury could assume could easily find it infer that that was a reasonable act that mr. also undertook for mr. Faust not to have to wait on anything else to happen not to wait on him to say blank this or blank that or take another step forward or whatever but to put him against the wall and there was testimony at trial that putting an inmate against a wall is essentially using that wall as another officer that they're trained to put inmates against a wall to secure them it's sturdy it's steady it's not going anywhere it's not a railing that you could bounce over it doesn't have any hard surfaces like one of those big metal picnic tables that they keep out the middle of the rec area it's a way for them to get closure and security immediately on an inmate and in response to being put against the wall mr. also doesn't say okay you got me I'm gonna back away I'm not gonna fight anymore I'm not gonna resist he undertakes what witness Mitchell Bennett said was a martial arts maneuver to manipulate officer Faust thumb or hand in such a way that caused this extremely large officer to cry out and holler in pain and probably the most serious testimony in this entire case is when Mitchell Bennett said when I saw that I realized that the inmate had the upper hand you're in a maximum security unit and you're trying to get an inmate under control and that inmate now has the upper hand that has trouble written all over it big time can you address the attorney misconduct issues related to referring to awarding money to a felon and the reference to the military vet sure the comment about awarding money to a felon was if you award a nickel or a dime then you're being awarding money to a convicted felon I didn't say if you didn't say because you do this then this happens I instructed them if this felon gets money you know if you award him a nickel or a dime that's what you would be doing simply that obviously you can impeach someone by saying that they're a felon but it doesn't seem like that's what that argument was doing it seems like you know maybe you were you know saying because he's a felony he shouldn't get money right I think it's completely different I agree and I did not say that I did not say because I said if I was simply reminding them of the evidence at trial he refers to character assassination with these felonies rule 609 the words in 609 in the title are attacking attacking I'm allowed to attack him with his own felonies and I did that complaints that the plaintiff is saying is that defense or that the prosecution the state I guess talked about this PTSD who had that Bennett sure that was that was our that was our witness we put up Mitchell Bennett who was a fellow corrections officer who observed what happened and saw that upper hand being changed and at trial mr. Alsop's attorney asked mr. Bennett about PTSD that he had sustained while serving in the military in Iraq and asked if that somehow affected his credibility as a witness and I got up on redirect and asked mr. Bennett exactly what happened in the military and he described in vivid detail being in an accident and having severe injuries to his groin and having multiple surgeries mr. Bennett more to his credit testified that he now worked in a mine where he was responsible for determining when the blasting cap should be activated responsible for the safety and welfare of all the people in the mind he's making the determination to do this and he testified as to how that did not have any PTSD issues did not affect his credibility that his employer trusted him to for the safety and welfare of all the people in that mine then that should not be an issue and I reminded the jury of that on closing argument everything I did on closing argument was a fair comment on the evidence and as Judge Steger said was I'm literally I'm literally talking about exactly what happened during the trial I'm simply recapping for them that we had an attack on a witness that was completely unfounded for a second that we found that some of the statements were improper can you explain why they wouldn't be prejudicial here but because we've got well number one this is an abuse of discretion standard there's a tremendous amount of discretion left to the trial judge talks about affordance to the trial judge versus a cold record by the appellate court the jerk the judge heard all of this evidence at trial the judge referred to the other the three witnesses of the plaintiff not being consistent with their testimony with the eight witnesses of the defense being more consistent with their testimony and at the weight of the evidence led more towards the defense witnesses than ours and that it simply wasn't any kind of harmful error so severely prejudicial in light of those other other credibility factors so you know he's alleged tremendous amount of misconduct this grilling a war veteran we're allowed to talk about you know the fact that he went after him and tried to impeach him and you know and to tell the jury it didn't work you heard mr. Bennett a party that was sued or he was just a witness just a witness your honor yes sir it would be fair game wouldn't it you know even though officer Bennett had been in the military to ask questions that really go to the issue of his memory absolutely totally fair game for mr. also to ask that but likewise just as fair game for me on redirect I mean I shouldn't be allowed to just sit idly by and let a witness be attacked on his credibility if I know otherwise and to rehabilitate him on yeah but it may to the extent there is statements that you can't you know attack the credibility or the memory of a of a veteran because they are a veteran I guess my question is how would you respond I think my I think I'll ask I give juries a lot of credit and I ask a lot of rhetorical questions okay who does that who goes after a war veteran like that who does not have any issues why go after him and kind of leave it hanging out there when I had to go back and rehabilitate him is what the argument was you know when very clearly yes he's had PTSD in the service of this country and yes he's had some horrific injuries but look how he's recovered from that and look how he's his credibility and his memory and his recollection is not an issue because of that it almost sounds like mr. also just wants me to get up on closing argument and read some case law and sit down that's not what closing argument is it's a fair comment on what the evidence has been at trial and that's what this was you know he had every opportunity on rebuttal on closing argument to say why he asked those kinds of questions of a veteran knowing full well that there weren't any memory or credibility issues why not he's got the last word I don't you know I talked about the war veteran or if you award a nickel or a dime or we haven't talked about this really but don't reward you know this cardinal rule violation that was made he didn't dress that on rebuttal you know mr. also I asked mr. also what's the cardinal rule in a jail don't touch the officers and we have testimony for mr. also himself that he touched not one but two he swatted down officer young and his hand that started off this whole thing and then went off officer Faust tries to get him under control he does this martial arts maneuver that results in this big holler from officer Faust and in Mitchell Bennett's words that I Mitchell Bennett thought that also had the upper hand at that point I think you've answered the question right thank you so you know in essence we have a rule 50 motion we know what the standard of is that's tough you know we have differing accounts of the witnesses we have a new trial motion that's tough to you know it's this is the case where he asked for a jury he wanted a jury he got a jury and the jury had to make credibility determinations and they did that and so at this point for you all to weigh in on what a jury did it's tough how was this prior offenses shown to the jury of some sort of a sheet that had the classifications or something the classification sheet did not show any of offenses it simply showed that he had assaulted behaviors so he had 24 or 25 different felony convictions for the child sex sexual abuse convictions and crap what no there that was not on there what we did was we redacted everything including the statute because of jury could look up a statute and figure that out too so the red the redaction was made to the judgments of the 24 convictions redaction of the statute redaction of the name of the conviction you know statutory rape minor sex abuse those were redacted and those judgments went in with redactions to the jury that's my time we would ask that officer Faust that the jury verdict be affirmed in his favor appreciate your time today if there are no more questions I'll sit down thank you on this issue of the classification sheet no the classification sheet did not say these are sex crimes but it said that they're assaultive it's assaultive behavior the fact is if the actual assaults were sex crimes it weren't violent in nature but we're just assaultive in the sense that it's that's you know non-consensual it's he's abusing trust with a minor or whatever I just submit you know if to insinuate that he's got violent assaults is actually makes it in some sense worse because it's totally misleading but in any event whether whether we consider them violent or whether we just consider them sexually deviant either way rule 404 and 405 and 403 would seem to apply and would bar us considering them again the other side hasn't addressed how there was any foundation for any relevancy here how the fact that defendant Faust never even said he was aware of this classification sheet and so that there really wasn't any reason why it should have been suggested there was a lack of foundation yes sir okay and what did the judge say what did the response to whether there's a foundation for the admission of the classification sheet are you asking me what the judge found yeah I mean that you're saying they didn't lay a foundation for what I'm saying is that the judge is the one in his denial of the motion for a new trial who brought up that as the reason why he had admitted them he didn't specifically say in the heat of the moment why he was admitting them but what I'm saying is the judge's rationale is after-the-fact rationale doesn't make sense because no foundation was laid to support that in terms of this did you object you're the trial attorney to right yes sir did you object to the this classification sheet as redacted when it was put into evidence yes your did did you make a suggestion how it should go this idea should go in under the rule of about 404 and 405 but I believe the substance of my objection was I basically just said that your honors already ruled on this topic in the motion in limine and there's no reason why we should admit it now and so in my motion in limine I had talked about rule 404 and I think 405 I'm not but so I mean I had already brought up this topic and I was renewing my objection in response to the right they would be entitled at least to put in evidence of the fact that your client had a prior felony conviction wouldn't he yes your honor we didn't use yes that to the judge we I mean ultimately we didn't object to that or what I did in my motion in limine I asked primarily to just keep the felonies out and I said if you admit them then keep out the the nature of the felonies the court did that yes yes your honor and then just to briefly touch on this issue the argument what what mr. Elliott said in the redirect was he said thank you mr. Bennett do you think it's fair for you to come in here and testify about what happened and then for somebody else to be asking you about information about injuries sustained during your time of service I objected and then mr. Elliott said may I ask him if he appreciated being asked that question about sensitive information the judge told him I think that's clear and then in closing he said let's talk about mr. Bennett our our veteran as mr. justice alluded to comes in here to testify about what happened tells us what he saw tells us what he heard and as his thanks thanks for it he gets grilled by the plaintiff about his military experience so as you're considering the proof in this case and you're considering the credibility of the people who are in front of you and especially the person who's asking you for money damages why do you go after a war veteran he's attacking me for going after a war veteran and saying that in pain in impugns my credibility somehow and that means the plaintiff shouldn't prevail that's just an impermissible use of that item I am out of time so I would ask that you all reverse the judgment either for any of these errors independently or as cumulatively as I argued in 0.4 thank you for your arguments and briefs your case will be submitted